CONRAD SIPPLE

v.

THE PEOPLE, etc.

</div>

1. CRIMINAL LAW—JUDGMENT ON DEMURRER.—It is error for the court upon sustaining a demurrer to defendant's first and third pleas, to render a judgment of guilty, and impose a fine, while the defendant's second special plea, and a plea of not guilty, are undisposed of. T e defendant is entitled to a trial upon such pleas.

2. VERDICT OF GUILTY OF LESSER OFFENSE.—Upon the trial of a defendant upon an information charging him with assault with a deadly weapon, there was a verdict of guilty of assault and battery. *Held*, that the crime of assault is included in that of assault and battery, and the verdict shows that the jury did not intend to acquit the defendant of the lesser offense for which he was on trial as well as the greater, and the judgment having been arrested upon his motion, he can not object to being again tried for the offense of which the jury did not acquit him.

3. TWICE IN JEOPARDY.—When the jury found the defendant guilty of a lesser offense, it operates as an acquittal of the greater offense charged, and he can not again be put upon trial for the greater offense.

4. ARREST OF JUDGMENT—REVIVAL OF OFFENSE.—An arrest of judgment upon a verdict finding a defendant guilty of a lesser offense, does not revive the greater offense charged, but only the lesser.

5. PLEA OF FORMER CONVICTION.—A plea that the defendant had been convicted before a justice of the peace for an assault and battery upon one person, and that such assault and battery was one and the same act and offense as that charged in the information, is good, although the person charged in the information to have been assaulted is not the person mentioned

in the plea.    If the same act constituted the only assault, there can be but one crime.

6. PRACTICE—DEMURRER—SPECIAL PLEA.—Where a defendant in a criminal case files several special pleas, to some of which a demurrer is sustained and to others overruled, the prosecution may be allowed to reply or take issue as to such pleas as are sustained.

ERROR to the County Court of Will county; the Hon. BENJAMIN OLIN, Judge, presiding.    Opinion filed February 24, 1882.

Messrs. HALEY & O'DONNELL for plaintiff in error; contending that, by the trial by jury the defendant had been put in jeopardy of every offense charged in the information, cited 1 Bishop on Criminal Law, § 659; Weinzorflin v. State, 7 Blackf. 186; Durham v. The People, 4 Scam. 172; Brennan v. The People, 15 Ill. 511; Barnett v. The People, 54 Ill. 325; Bell v. State, 48 Ala. 684.

Under the information a conviction for assault and battery was a nullity: Beckwith v. The People, 26 Ill. 500; Carpenter v. The People, 4 Scam. 197; Young v. The People, 6 Bradwell, 434.

A plea of former conviction for the same offense, though upon another party, is good: Clem v. The State, 42 Ind. 420; State v. Damon, 2 Tyler, 387.

One good plea is sufficient to prevent final judgment on demurrer to several pleas: Van Dusen v. Pomeroy, 24 Ill. 289; Lindsay v. Stout, 59 Ill. 491; Leach v. Elwood, 3 Bradwell, 453.

The judgment for defendant upon demurrer, is that he be discharged from the premises: Arch. Cr. Pr. 85; Com'th v. Goddard, 13 Mass. 445; 1 Bishop's Cr. Pro. § 781.

Mr. C. W. BROWN, for defendant in error; that the verdict of guilty of assault and battery, was not an acquittal of every other offense charged in the information, cited Beckwith v. The People, 26 Ill. 500; Carpenter v. The People, 4 Scam. 97.

Where judgment in a criminal case has been arrested upon the defendant's motion, he has not been put in jeopardy: Phillips v. The People, 88 Ill. 160.

In misdemeanors, upon judgment sustaining demurrer to defendant's plea, there may be a final judgment: 1 Arch. Cr. Pr. 382; 1 Bishop's Cr. Pr. 785.

LACEY, J. Plaintiff in error was proceeded against criminally in the county court by information filed by the State's Attorney charged in various counts with making an assault with a deadly weapon upon the person of one John Felton, Jr., with intent to inflict upon him bodily injury where no considerable provocation appeared. To this information a plea of not guilty was entered by the plaintiff in error and a trial had thereon, and the jury returned a verdict of guilty of an assault and battery on the person of said John Felton, as charged in the second count of the information. The plaintiff in error then made a motion in arrest of judgment, which was allowed by the court, and the judgment arrested. A motion to strike case from docket was overruled. Subsequently by leave of the court the plaintiff in error filed three special pleas. First plea setting up the former trial and conviction of assault and battery and arrest of judgment, claiming he had been put in jeopardy, for all the offenses charged, and claimed a discharge. Second plea setting up trial and conviction by plea of guilty of assault before a justice of the peace, for the same assault charged in the information. Third same as second, by conviction of an assault and battery, before a justice, on Paul Brandon, charging it to be for the same offense charged in the information. To these pleas a demurrer by the People was sustained to the first and third, and overruled as to the second plea. The State's Attorney moved the court for a judgment on the first and third pleas. The record recites that the court found the plaintiff in error guilty on the first and third pleas, and sentenced him to pay a fine of three dollars and costs. There was no evidence heard upon the trial of the case.

The court erred in finding the plaintiff in error guilty upon sustaining demurrer to his first and second plea. The second plea was held good by the court and was a bar to the assault therein charged, and the plea of not guilty was also filed, which put in issue the allegations of the information. The plea of

not guilty and the special pleas were all treated as having been properly pleaded at the same time.

Upon overruling the demurrer to the second plea, the plaintiff in error was at least entitled to a trial of the second plea and the plea of not guilty. Bishop on Criminal Procedure, Vol. 1, Sec. 755. The plaintiff in error was acquitted of the greater offense charged in the information, and can not again be put upon his trial for that charge. But we do not regard the verdict of the jury so entirely void as to hold the plaintiff in error acquit of the minor offense. The verdict was guilty of an assault and battery. This offense was not charged in the information, but only assault; hence the verdict was informal and not responsive to the issue, but the crime of assault is included in that of an assault. and battery, and shows clearly that the jury did not intend to acquit plaintiff in error of the lesser offense charged in the information for which he was on trial, as well as the greater. This judgment having been arrested on plaintiff in error's own motion he can not object to being again tried for the offense, which the jury did not acquit him. Phillips v. The People, 88 Ill. 160. The order of the court arresting the judgment on the motion of the plaintiff in error does not revive the greater offense charged in the information, but only the lesser. Brennan v. The People, 15 Ill. 511.

The court also erred in sustaining the demurrer to the third plea. It is averred in that plea that plaintiff in error had before that time been convicted before a justice of the peace for an assault and battery upon the person of Paul Brandon, and that such assault and battery "was one and the same assault and one and the same act and offense, and not any other or different act or offense" than was charged in the information. It is true that Paul Brandon is not the same person charged in the information to have been assaulted, the latter being John Felton, Jr. Still the assault may have been one and the same offense. It does not follow that, because the information charges the assault to have been committed on one man, and the plea shows that the conviction sought to be set up as a bar was for an assault on another man, that the crime is not the same. If

the same act constituted the only assault, there was but one crime. Clem v. The State, 42 Ind. 420. The first plea not answering the entire charge, as we have shown, is not regarded as good.

It is objected that upon the court giving judgment on the demurrer against the defendants in error on the second plea, that the plaintiff in error was not discharged.

While the courts may have held in earlier times that a defendant succeeding on a special plea against a demurrer interposed by the prosecution in cases of misdemeanor should thereupon be discharged, yet we do not think such is the law in this state. It also was held in the same class of cases, that where the defendant failed and judgment was rendered against him on demurrer, he was held convicted, and the court fixed the punishment according to the law, and no further trial was had. Rex. v. Taylor, 3 Barn. & Cress. 502; yet such is not now the practice, as will be seen by reference to Bishop on Criminal Procedure, Vol. 1, Sec. 755, above cited.

The rule is now that the defendant may plead over, or go to trial on the plea of not guilty. We see no good reason why the same rule ought not to be applied in favor of the prosecution where the demurrer is overruled. The State's Attorney ought to be allowed to reply or take issue on the plea. We believe such to have been the practice in this State. The sentence and judgment of the court is reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>