EZEKIEL PHILLIPS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*arrest of judgment—twice in jeopardy.* Where one indicted for murder, when arraigned, said he was not guilty, but before the plea was entered his counsel said he desired to enter a motion to quash the indictment, which the court allowed, and entered such motion on his docket, and the cause was continued, but the clerk, in making up the record, entered the plea of not guilty, and at the next term the accused was tried and found guilty without a decision of the motion, or any other plea, and on motion of the accused the judgment was arrested because the trial was had without deciding the motion to quash or any plea being in fact entered, and the record amended to show the facts, it was *held,* that the accused was not entitled to a discharge, as having been in jeopardy by the trial, and that the court, on overruling the motion to quash, properly required him to plead and go to trial a second time.

2. SAME—*practice in such case.* Where the judgment of a court is arrested on account of any error in the proceedings, or any defect in the pleadings upon which the judgment rests, all proceedings subsequent to the error disclosed should be set aside, and proceedings *de novo* had, beginning at the point where the first error was committed.

3. If, on arrest of judgment, the accused is ordered by the court to go hence without day, such order arresting the judgment will amount to an adjudication that all the proceedings are irregular, and that the indictment itself is bad.

4. Where the judgment in a criminal case is arrested on the defendant's motion, the accused will not be held to have been in jeopardy by the trial, and may be tried again. If the arrest of judgment is for error after indictment found, a subsequent trial may be had, upon the same indictment.

5. BILL OF EXCEPTIONS—*evidence on motion must be preserved.* Where the evidence or affidavits heard upon a motion for a change of venue, or upon other motions, is not preserved in a bill of exceptions, the ruling of the court below can not be reviewed by this court. Such affidavits do not become a part of the record merely by the clerk copying them in the transcript.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. HORACE S. CLARK, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

At the May term, 1875, of the circuit court of Coles county, Phillips was indicted for the murder of Buckland, and was furnished with a copy of the indictment, and list of the witnesses and jurors, and arraigned in court. When called upon to say whether he was guilty or not guilty, he said, "not guilty." His attorney, who stood by, stated to the court, "before that plea is entered, we wish to enter a motion to quash the indictment," and the judge entered the motion to quash the indictment on his docket, but did not enter any statement of the plea of not guilty. But the clerk, on his minutes, entered, that "the defendant, for plea, said he was not guilty, and moved to quash the indictment;" and in making up the record for that term, the clerk so entered it upon

11—88 ILL.

the record. The cause was continued without trial or any decision of the motion to quash. At the next term of the court the accused was put upon his trial, tried and convicted on the 16th day of December, 1875, the jury finding him guilty of murder, and fixing the punishment at death. A motion for a new trial was immediately made, and on the 30th day of December, a day of the same term, the motion was overruled. Then the prisoner interposed a motion in arrest of judgment, and the attention of the court being called to the fact that the accused had not pleaded, the court ordered the judgment to be arrested. And, thereupon, attention of the court being called to the error in the record made by the clerk in making up the record of the May term, by which error it had been made to appear the defendant had pleaded, on the motion of the prosecuting attorney the court ordered the record amended, by striking out the statement in the record that he had plead "not guilty." The record being thus amended, the court overruled the motion to quash the indictment.

The accused was then arraigned again upon the indictment, and pleaded "not guilty," and the cause was continued. At the May term, 1876, change of venue was ordered to Douglas county, and at the October term, 1876, of the circuit court of Douglas county, the defendant moved for his discharge, upon the ground that he had been once put in jeopardy; and that motion being overruled, he then interposed a special plea, setting up the facts stated above, and insisted that he was entitled to a discharge, because he had been once tried by a jury upon a record which, on its face, was good, and that the arrest of judgment ordered upon that record entitled him to his discharge, and that he should not be subjected to another trial by an amendment of the record. A demurrer to that plea was sustained. The prisoner was then tried a second time, found guilty, and sentenced to imprisonment for life, and he brings the case before this court by writ of error.

The point made is, that the court erred in putting the prisoner upon his trial the second time upon the same indictment.

In this, we think, there was no error. Where the judgment of a court is arrested on account of any error in the proceedings, or any defect in the pleadings upon which the judgment rests, all proceedings subsequent to the error discovered should be set aside, and proceedings *de novo* had, beginning at the point where the first error was committed. Had the accused been ordered by the court to go hence without day, upon the arrest of the judgment, such order arresting the judgment would have been an adjudication that all the proceedings were irregular, and that the indictment itself was bad. The three orders of the court, however, in this case made, taken in connection with each other, (that of arresting the judgment, amending the record, and overruling the motion to quash,) show, clearly, that the judgment was not arrested on account of any defect or viciousness in the indictment, but that all the proceedings had in the cause after the entry of the motion by the defendant to quash the indictment were set aside as irregular, evidently because the proceeding to trial without a plea was irregular.

It matters not that, on the face of the record, an entry was, at that time, made, that the defendant had pleaded, if, in point of fact, he had not pleaded. He had uttered the words in the hearing of the court, saying he was not guilty; but before that plea was ordered to be entered of record, through his counsel, he withdrew the plea. This, therefore, constituted no part of the proceedings of the court. The entry by the clerk was a clerical error, made without authority from the court. The record being amended, the case is to be tried as though it had been truly made at the time when the transaction occurred.

Where the judgment in a criminal case is arrested, on motion by the defendant, after verdict, it is held that the accused has not been put in jeopardy by such trial, and may be tried again. *Gerard* v. *The People*, 3 Scam. 362, and *Bedee* v. *The People*, 73 Ill. 320. Where the arrest of judgment is for error after the indictment found, such subsequent trial may be had

upon the same indictment. *Commonwealth* v. *Hardy*, 2 Mass. 301; *State* v. *Gondalock*, decided in South Carolina, 1 Brevard, 48.

Counsel for the plaintiff in error also insists, that the court erred in refusing a motion for a change of venue on account of the alleged prejudice of the judge, and in overruling some other motions made by the counsel of the accused in the progress of the proceedings. But, inasmuch as no bill of exceptions has preserved the evidence heard upon those motions, they can not be examined in this court. The clerk has copied certain affidavits into the transcript, but without a bill of exceptions they are no part of the record.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*