(No. 14119.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT LANE, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. CRIMINAL LAW—*extent of rule prohibiting evidence of another crime.* The rule that on a trial of a charge of crime evidence of a distinct and substantive offense cannot be admitted excludes all evidence of collateral facts which do not sustain or impeach a reasonable presumption as to the fact in issue.

2. SAME—*when part of confession referring to other crimes cannot be admitted.* On a trial for murder it is not admissible, in order to prove the defendant's guilt, to show that he has at another time and place committed another murder, and where no question of motive, intent or guilty knowledge is involved it is error to admit part of a confession which refers to the commission of other offenses.

3. SAME—*verdict cannot be sustained if incompetent evidence may have affected the degree of punishment.* A verdict finding the defendant guilty of murder and fixing his punishment at death can not be sustained even though there is competent evidence in the record to support it, where incompetent evidence has been admitted which shows the commission of other crimes by the defendant and has a tendency to influence the jury in fixing the degree of punishment.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. LOUIS F. BERNREUTER, Judge, presiding.

McCARTHY, MORRIS & ZACHRITZ, L. ARTHUR ZACHRITZ, and WILBUR E. KREBS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, H. E. SCHAUMLEFFEL, State's Attorney, EDWARD C. FITCH, and H. C. LINDAUER, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Albert Lane and Raymond Titsworth were indicted in the circuit court of St. Clair county for the murder of James Crossett on November 20, 1920. They were tried, found

guilty and sentenced,—Titsworth to imprisonment in the penitentiary for life and Lane to death. The latter has sued out a writ of error.

The only reason assigned for the reversal of the judgment which has been argued is the erroneous admission of evidence relating to other crimes alleged to have been committed by the defendants. The defendants were arrested on Christmas eve, about a month after Crossett was murdered. They were examined by the police officers and made oral statements, in which they admitted not only that they had killed Crossett, but also that they had committed one or more other murders and several highway robberies. Each of the defendants also signed a written statement admitting the murder of Crossett. On the trial these statements, oral and written, were offered in evidence by the prosecution, and the parts relating to other crimes were objected to by the defendants. Some of their objections were sustained but many of them were overruled, and the statements of the defendants confessing their guilt of another murder and of highway robberies, as well as the murder for which they were indicted, were admitted. These other crimes were not connected in any way with the charge in the indictment. They were committed at other times and different places and were irrelevant to the issue and incompetent to be shown on the trial of this charge. The rule is, that on a trial of a charge of crime evidence of a distinct and substantive offense cannot be admitted, and this rule is merely an application of the general rule that in all cases, civil or criminal, the evidence must be confined to the point in issue. The rule excludes all evidence of collateral facts which do not sustain or impeach a reasonable presumption as to the fact in issue, and therefore on a trial for murder it is not admissible, in order to prove the defendant's guilt, to show that he has at another time and place committed another murder. In *Farris* v. *People,* 129 Ill. 521, it is said that "proof of a distinct, substantive crime is never admis-

sible unless there is some logical connection between the two from which it can be said the one tends to establish the other." This question has received our consideration in the recent case of *People* v. *Hobbs,* 297 Ill. 399, and the conclusion was reached that where the intent with which an alleged offense has been committed is a material element of the charge and becomes an issue on the trial, proof of former similar offenses, within certain reasonable limits, may be received, not for the purpose of showing the guilt of the defendant but for the purpose of showing his knowledge and guilty intent. There was no question of motive, intent or guilty knowledge in this case,—none of the circumstances which make proof of other crimes of the same nature competent,—and it was error for the court to admit the parts of the confessions which referred to the commission of such other crimes.

It is argued that the evidence amply sustained the verdict and that there is no question of the defendant's guilt, but this argument is of no weight in this case, in which the jury have not only the determination of the guilt or innocence of the defendant but also a wide discretion in fixing the punishment to be inflicted. The defendant had a right not only that his guilt or innocence should be determined without the introduction of irrelevant evidence of other crimes which it could be shown he had committed, but also to have his punishment, if he were found guilty, fixed with reference only to the circumstances of the crime of which he was convicted, and not upon the consideration, also, of other serious and inexcusable crimes which he had confessed. As was stated in the case of *Farris* v. *People, supra,* it is impossible for us to know what the jury would have done, and much less our province to say what they should have done, in the absence of this incompetent evidence. Its necessary effect was to close the minds of the jury to any consideration of mercy or leniency, it introduced

an element into the case which ought not to have been permitted, and it was prejudicial to the plaintiff in error.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*