(No. 15432.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LARRY HEFFERNAN *et al.* Plaintiffs in Error.

*Opinion filed April 14, 1924.*

1. CRIMINAL LAW—*malice aforethought may be implied without any specific intent to kill.* Intent to kill does not enter into the definition of murder, and on a trial for murder it is sufficient to prove that the unlawful killing was done with malice aforethought, either express or implied, which means that it is sufficient to prove general malice as distinguished from a specific intent to kill.

2. SAME—*when evidence of other crimes is admissible in trial for murder.* In a trial for murder it is not permissible to prove a conviction for or the commission of a former murder or other former offense by the accused, unless the evidence of the other crimes tends to identify the accused, or to locate him at the scene of the crime when an alibi is set up, or is necessary to prove motive.

3. SAME—*when evidence of other offenses may be admitted to prove guilty knowledge or intent.* In certain classes of offenses where guilty knowledge or intent is the gist of the offense or an essential element to be proved, it is competent to introduce evidence of other similar offenses to prove guilty knowledge or to prove that the act was not an accident or a mistake.

4. SAME—*when evidence of other offenses is not admissible in trial for murder.* In a trial of several defendants for murder committed during a robbery, testimony of accomplices as to other robberies committed by the defendants on other occasions is not admissible, where all the transactions and doings of the defendants and their associates on the evening when the crime charged was

committed are complete in themselves and if proved would be sufficient evidence of the commission of that crime, and where the evidence of the other crimes in no way tends to establish any material fact necessary to be proved.

5. SAME—*defendant is entitled to competent evidence to lessen punishment.*  A defendant charged with murder is entitled to all material evidence that may tend to mitigate the crime and lessen his punishment, and he has a right to have the court exclude all evidence that has no material bearing on the case and which may have the effect of causing the jury to make his punishment greater than it would have been if the incompetent evidence were excluded.

6. SAME—*judgment cannot be sustained where incompetent evidence had a tendency to influence jury in fixing punishment.*  Although there is competent evidence to support a verdict finding the defendant guilty of murder, if the punishment is death or life imprisonment, and incompetent evidence of other crimes was admitted which had a tendency to influence the jury in fixing the punishment, the judgment cannot be sustained.

STONE, J., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding.

EUGENE L. McGARRY, HAROLD O'CONNELL, and EDWARD MAHER, (THOMAS E. SWANSON, of counsel,) for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (WILLIAM S. STEWART, EDGAR A. JONAS, and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiffs in error, Larry Heffernan, William Cramer and Otto Christensen, were convicted in the criminal court of Cook county of the murder of Joseph Lanus on November 24, 1922.  The punishment of Heffernan and Cramer was fixed at death and that of Christensen at life imprisonment.  They bring the record to this court for review by writ of error.

·· The indictment consists of a single count charging murder, and the evidence shows that on the evening of November 24, 1922, Joseph Lanus, an automobile dealer, was found dead in the salesroom of his place of business, shot through the body. One Bogolowski, who pleaded guilty to this indictment, testified that some days previous to the date of the crime herein charged, the robbery of Lanus had been talked of and planned at the headquarters of plaintiffs in error and others who were engaged with them in similar crimes, as hereafter disclosed; that he was known to Lanus and that for that reason he told Heffernan and Cramer that he could not take part in robbing him, but was finally induced to go and act as guard and to give signals for Heffernan and Cramer to enter the place of business of Lanus for the purpose of robbing him; that Christensen drove the men over in his car from their headquarters and upon a signal given drove in front of Lanus' place of business in order to be near by to aid the robbers to escape; that Lanus resisted the robbery and shot Cramer through the arm and in turn was himself shot and killed. Julia Hartnett, also under indictment and having pleaded guilty, testified that she had been living with part of these men for some months and that the men met in the flat that she was occupying and discussed the various crimes they would commit; that they had a brown leather bag in which they kept a number of guns, which were distributed among the men when they were going out upon the several raids and robberies committed by them; that on the night of the murder in question she was told by them that they were going out to get Lanus; that she saw them leave in Christensen's car; that later Heffernan, Cramer and Bogolowski returned and that Cramer had a wounded arm; that they told her that they had not gone to Lanus' because of the crowd but that they went to a haberdashery store, and that just as they were about to carry out the goods the police came and Cramer was shot in the fight that followed. She is corrobo-

rated by Bogolowski's testimony as to the statement made to her, he testifying that Cramer told them that they had better not tell her what happened at Lanus'. She further testified that she got cotton and iodine to treat Cramer's wound. The conviction of plaintiffs in error was brought about by the testimony of the two witnesses aforesaid and of other accomplices in crime, John Cherry, Lillian Goodwin, Hugh Dunn and Ole Olsen. Plaintiffs in error by their testimony, while not seriously disputing the testimony aforesaid, sought to establish an alibi as a defense to the crime charged.

The point chiefly relied on for the reversal of the judgment is the admission of the incompetent and improper evidence of other crimes. The evidence objected to by plaintiffs in error concerned the robbery of William Doneski of a truck-load of tobacco on July 11, 1922, by plaintiffs in error Heffernan and Cramer, and John Cherry, John Sullivan and Joe Blasi; the robbery of Fred Day of a team of horses and wagon and 116 tubs of butter on August 22, 1922, by Heffernan, Cramer, Cherry and Blasi; the robbery of James H. Sandack of $9000 in jewelry on October 14, 1922, by Heffernan, Cramer, Cherry, Blasi and one Ryan; the robbery of Fred Huebsch of eight dozen diamond rings, of the value of over $35,000, on October 16, 1922, by Bogolowski, Cherry and Blasi; and the robbery of Nathan Tietlebaum of diamond rings and furs of the value of over $28,000 on November 6, 1922, by Heffernan, Cramer, Blasi, Bogolowski, Ole Olsen and two other parties known as Max and Whitey, the records not disclosing their full names. Heffernan and Cramer took part in all of the foregoing robberies except the diamond robbery of October 16, 1922, and they were cognizant of the conspiracy and the plans laid by all the foregoing parties for the perpetration of that offense. The evidence discloses that Christensen did not take part in any of these previous raids and robberies.

The State contends that the evidence tends to prove a general scheme or conspiracy between plaintiffs in error and others for the commission of the crimes of robbery, larceny and burglary, and that the murder of Lanus was the result of the robbery or attempted robbery of Lanus, which was one of the robberies previously planned and already related; that it was competent under the charge in the indictment to prove the general conspiracy of plaintiffs in error and others to commit the robberies aforesaid and to prove in detail those robberies, and that such evidence is not inadmissible although it discloses offenses other than the one for which plaintiffs in error were tried. The State further argues that proof of such conspiracy can only be made by showing it in acts of similar character by the defendants, and that if the acts in pursuance of such conspiracy are shown to have been previously planned by them and others, and that the attempted robbery of Lanus was one of such robberies planned, the evidence of the other robberies tends to prove the guilt of plaintiffs in error and is competent. The contention of plaintiffs in error is that the other robberies proved are distinct and separate offenses that in no way tend to prove the crime charged and that evidence thereof was wholly incompetent and irrelevant and was very prejudicial to them.

There is no principle in the law by which the evidence of the five robberies and the details thereof can be held to be competent evidence in this case, where the charge is murder. Intent to kill does not enter into the definition of murder, and on a trial for murder it is sufficient to prove that the unlawful killing was done with malice aforethought, either express or implied, which means that it is sufficient to prove general malice as distinguished from a specific intent to kill. It is the general rule of law in this State that in a trial for murder it is not permissible to prove a conviction for or the commission of a former murder or other former offense by the accused to establish his guilt. (*Peo-*

*ple* v. *Hobbs,* 297 Ill. 399.) There might arise cases of murder in which the proof of other crimes, and even the details thereof, might be admissible in evidence, but those cases must come within the well known exceptions to the general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial for a criminal offense. For instance, evidence of other crimes is admissible when it tends to identify the accused or to locate the accused at the scene of the crime when an alibi is set up as a defense. (*People* v. *Mandrell,* 306 Ill. 413.) It is also true that there may be such a connection between two criminal acts as to render proof of both crimes competent, and sometimes the proof of a former crime or other crimes may be competent to prove motive. (*Farris* v. *People,* 129 Ill. 521.) There are also certain classes of criminal offenses wherein guilty knowledge or intent is the gist of the offense or an essential element to be proven, and in such cases it is competent to introduce evidence of other similar offenses to prove guilty knowledge or to prove that the act was not accidental or a mistake. (1 Jones on Evidence, sec. 145, pp. 736, 737.) In the case now before us the evidence of the commission of the crime charged is complete when limited to the transactions and doings of the defendants and their associates on the night that Lanus was killed without introducing proof of any other of the robberies committed which we have already mentioned, because the evidence of such other robberies in no way tends to establish any material fact which the State was required to prove to establish defendants' guilt.

In this State our statute recognizes no degrees in the crime of murder. The punishment for murder is imprisonment in the penitentiary for a term of years not less than fourteen, and such punishment may extend to life imprisonment, or the punishment may be death. The jury in every instance not only passes upon the question of the guilt of a defendant charged with murder, but are the sole judges

of the turpitude of the crime and the proper punishment therefor within the above limits. The defendant is therefore entitled to all material evidence that may tend to mitigate the crime and lessen his punishment. It is also his legal right to have the court exclude all evidence that has no material bearing in his case and which may have the effect of causing the jury to make his punishment greater than they otherwise would if the evidence were limited to the legal and competent evidence in the case. The defendants in this case were practically tried not only for the crime of murder as charged in the indictment, but also for the other five robberies admitted in evidence, proof of which was not competent under any legal theory of the case. It is therefore not possible for this court to say that they were not greatly prejudiced by the admission of the evidence aforesaid. We have positively held that a verdict finding a defendant guilty of murder and fixing his punishment at death cannot be sustained, even though there is competent evidence in the record to support it, where incompetent evidence has been admitted which shows the commission of other crimes by the defendant and that have a tendency to influence the jury in fixing the degree of punishment. (*People* v. *Lane,* 300 Ill. 422.) We must therefore apply the same rule in this case as to the two defendants whose punishment was fixed at death and also to the other defendant whose punishment was fixed at life imprisonment for the reason that the rule is equally applicable to one receiving a life sentence, and especially in this case because it is shown that Christensen took no part in any of the five robberies, which had no connection whatever with this case.

The judgment of the criminal court is reversed and the cause is remanded.

*Reversed and remanded.*

Mr. JUSTICE STONE, dissenting.