(No. 17377.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT CAMPBELL, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. CRIMINAL LAW—*when denial of petition for change of venue cannot be reviewed.* Where neither the petition for a change of venue nor the evidence in support of it is preserved in the bill of exceptions the action of the trial court in denying the petition is not presented for review in the Supreme Court.

2. SAME—*general rule as to when evidence of another offense can be admitted.* As a general rule, evidence is not admissible against a defendant to show that he has been guilty of another crime not connected with the one for which he is being tried, but where evidence offered tends to prove the accused guilty of the crime charged it is competent, even though it also establishes his guilt of another crime.

3. SAME—*evidence in rebuttal of alibi is competent although it shows another offense.* Where the defendant relies upon evidence of an alibi, evidence of his presence in the vicinity of the crime charged, about the time of its commission, is competent, even though it appears that the accused was then engaged in the commission of another separate crime.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

W. G. ANDERSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and G. E. NELSON, (EDWARD E. WILSON, CLARENCE E. NELSON, and LOUIS N. BLUMENTHAL, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Robert Campbell was convicted in the criminal court of Cook county of robbery while armed with a pistol and has sued out a writ of error to review the judgment entered against him, assigning for error the denial of his petition for a change of venue, the insufficiency of the evidence to

**323—9**

sustain the verdict, the admission of improper evidence, and prejudicial remarks made by the court in the presence of the jury.

Neither the petition for a change of venue nor the evidence in support of it was preserved in the bill of exceptions, and that question is therefore not presented for review. *Phillips* v. *People,* 88 Ill. 160; *People* v. *Ellsworth,* 261 id. 275.

The sufficiency of the evidence depends on the identification of the defendant by the People's evidence considered in connection with the defendant's evidence of an alibi. George N. Holt, the victim of the crime, a musician fifty years old, was robbed on the steps of his own house, No. 4436 Berkley avenue, in Chicago, about 8:30 o'clock Sunday evening, February 10, 1924. He and Miss Helen Dent, who was living in his house, had gone out to dinner about 6:30, and on their return, just as he had reached the top step, he heard some person call, "Hey, mister!" He turned and saw a man running in from the sidewalk with a revolver in his hand, who called, "Stick 'em up!" Another man from across the street followed the first man up the steps, with one hand in his pocket and one hand held forward. The first man asked Holt where his money was, reached into his pocket and took his purse, out of which he took $25. He also took a stick-pin out of Holt's tie. He then returned the purse to Holt, told him to put his hands down, and said to Miss Dent, "Come here, lady; take off your gloves." She did so and he took a ring from her. The other man was standing a few feet away. He was asked by the first man to watch Miss Dent. The first man then said, "Take out your keys, unlock the door and go in." Holt did so and called up the police. There was a street light with a white globe in front of the house, about twenty feet away. The search of Holt and seizure of his property occupied possibly two minutes, during which he observed the man's countenance, as he did also later while Miss Dent was

being robbed. Holt testified that he was a voice teacher, accustomed to remembering individual voices, and that he noticed in the defendant's voice a certain smooth tone and a little southern accent. Miss Dent also testified to the circumstances of the robbery and both witnesses unequivocally identified the defendant. Holt testified that the man with the defendant was George Gilmore.

There can be no doubt of the sufficiency of the proof of the defendant's identity by the testimony of these two witnesses. To meet it Campbell testified denying any connection with the crime, saying that on Saturday night, February 9, about midnight, because of an argument with his wife he went to his mother's home, at 4343 Champlain avenue, and went to bed there on a couch. He was suffering severely from sciatic rheumatism. Alonzo Allen, George Gilden and Mose Williams also lived there. Williams died before the trial. Gilden did not testify. Campbell remained in bed until about two o'clock Sunday afternoon. Gilden helped him take a bath and rubbed his shoulders. He did not put his clothes on until about 9:30 that night, when he got a telephone call from his wife and decided to go home. Gilden helped him to dress. He could hardly walk. His ankles were stiff with rheumatism and all the joints of his limbs were stiff, as well as his shoulder blades. Fannie Daniels, his mother, corroborated this testimony of Campbell as to his visit with her, but she went to church at a quarter after seven o'clock Sunday evening and upon her return Campbell had left. Allen, who was also at the house, testified that when he came down Sunday morning, about nine or ten o'clock, Campbell was lying on the sofa in his pajamas. He had rheumatism in his arms. He took a hot bath about ten o'clock and George Gilden washed his back for him. Allen left the house about 9:30 in the evening and Campbell was there when he left. Allen returned about 11:30, but could not say whether Campbell was there at that time or not.

In rebuttal Dr. Victor S. Frankenstein testified that on the night of February 10, 1924, at about 8:30 o'clock, in front of his house at 4051 Ellis avenue, which was between 300 and 400 feet from Holt's house, Campbell and another man forced him to take them into his automobile at the point of a gun, saying they had killed a man and wanted "to make a get-away." The doctor drove his automobile to Oakenwald avenue, a distance of five or six blocks, where he stopped at the curb by their direction. They then robbed him of $21 and got out of the automobile. The doctor reported the matter to the police. It was the province of the jury to reconcile this testimony, if possible, and if this was not possible, to determine what witnesses were entitled to credit. We agree with the conclusion reached by the jury.

It is insisted that the court erred in admitting Dr. Frankenstein's testimony because it tended to prove the defendant guilty of an independent crime in no way related to the one for which he was on trial. Evidence is, in general, inadmissible against a defendant on his trial upon a criminal charge to show that he has been guilty of another crime not connected with the one on trial, but where evidence offered tends to prove the accused guilty of the crime charged, it is competent even though it also establishes his guilt of another crime. The defendant relied upon evidence of an alibi, and in such case the rule is well settled that evidence of the accused's presence in the vicinity of the crime charged, about the time of its commission, is competent, even though it appears that the accused was then engaged in the commission of another separate crime. *People* v. *Jennings,* 252 Ill. 534; *People* v. *King,* 276 id. 138; *People* v. *Mandrell,* 306 id. 413; *People* v. *Horn,* 309 id. 23.

It is insisted that the trial court erred in making improper remarks in the presence of the jury, which were prejudicial to the defendant. The defendant's attorney made numerous objections on the trial most of which were overruled, and properly so. Many of the objections were

frivolous, but the defendant's attorney persistently insisted upon their propriety after the court had overruled them, and, regardless of the ruling, expressed in disrespectful language his adverse opinion. The court answered him, and at times a colloquy in the nature of a dispute arose, provoked by the misconduct and impertinence of the attorney. The court ought not to have permitted this, but no action of the court shown by the record was prejudicial to the defendant.

The judgment is affirmed.     *Judgment affirmed.*

---

(No. 17542.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN SOVETSKY, Plaintiff in Error.

*Opinion filed October 28, 1926.*