THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ISRAEL BEARD *et al.* Plaintiffs in Error.

*Opinion filed February 16, 1927.*

1. CRIMINAL LAW—*when evidence is admissible although it tends to show another offense.* The fact that evidence discloses the commission of other crimes does not render it incompetent where it tends to establish the crime charged; and where the defense is an alibi, evidence of the actions of the defendants near the time of the commission of the crime charged is admissible if it tends to identify the accused or to locate them and meet the defense, even though it also tends to show the commission of another offense.

2. SAME—*when improper instruction as to penalty will not reverse.* In a prosecution for robbery, the fact that the court improperly instructs the jury as to the right of the defendants to be released on parole, with which subject the jury has nothing to do, will not require a reversal, even though the instruction contains an inaccurate statement of the penalty provided in cases of robbery, where it does not appear to have been prejudicial to the defendants.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

LOUIS P. PIQUETT, (WILLIAM R. McCABE, of counsel,) for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The plaintiffs in error, Israel Beard, Robert Courtney, Cecil Stewart and Orington Williams, were convicted in the criminal court of Cook county of the crime of robbery with a gun. The complaining witness was William Rayman, a taxicab driver. The indictment charges that the four plaintiffs in error on March 19, 1926, assaulted Rayman with a gun, taking from him $10 in currency and some silver coins. The cause comes here for review on two principal assignments of error: First, admission of improper evidence; and second, error in instructing the jury.

The complaining witness, Rayman, testified that on the night in question, while driving his cab north on Indiana avenue, in the city of Chicago, he was called by the plaintiff in error Williams and told to drive to a corner not far away. Arriving there the three other plaintiffs in error got into the cab. He was then told to drive to 5051 Wabash avenue. Arriving there the four passengers got out of the cab and one drew a revolver and told him to put up his hands, which he did, and the currency and silver coins were taken from him. Later, the prosecuting witness identified the four plaintiffs in error at the police station. A police officer named Berry also testified on behalf of the People that the plaintiffs in error Stewart and Beard told him of the robbery. In the presence of all the plaintiffs in error Stewart then and there also stated that he and the other three plaintiffs in error hired a cab on the evening of the offense charged and first drove to 4019 Dearborn street, where they held up a cab and took from the driver eight dollars. This witness also testified that Beard, in the pres-

ence of the others, told him that they hired the cab of the complaining witness and had him drive to 5051 Wabash avenue, where they held him up, and that they then held up another cab at Forty-seventh and State streets. The plaintiffs in error each testified and denied any knowledge of the robbery. Their defense was an alibi, each testifying to having been in a different place from the scene of the crime on the evening of its occurrence.

It is contended that the testimony of Berry, the police officer, as to the statements made to him by Stewart and Beard was improper and in no event binding on the other two plaintiffs in error. After the evidence of Berry was given, counsel for the plaintiffs in error moved to strike the same on the ground that it was improper. No reason was given as to why such evidence was improper. The statements were made in the presence of all of the defendants. The fact that evidence discloses the commission of other crimes does not render it incompetent where such testimony tends to establish the crime charged. In this case the plaintiffs in error each testified that they were elsewhere at the time of the crime. The statement had to do with the actions of the plaintiffs in error near the time of the commission of the crime charged. Such evidence is admissible when it tends to identify the accused or to locate them and meet the defense of alibi. (*People* v. *Heffernan,* 312 Ill. 66; *People* v. *Mandrell,* 306 id. 413.) No motion was made to confine the application of the evidence of statements made to the police officer to the plaintiffs in error making them and no ground of objection to testimony was stated. It was not error to refuse to strike this testimony.

As a second objection it is urged that the court erred in giving an instruction telling the jury that the penalty prescribed by law for robbery is imprisonment in the penitentiary for a term of not less than ten years and may extend to life. This instruction also told the jury that after serving six years and nine months the defendants, if con-

victed, would have a right to apply to the parole board for release on parole and that such board would at that time have a right to parole them. It is urged that the instruction is erroneous because it did not correctly state the penalty prescribed for the crime of robbery. The instruction related to a subject with which the jury had nothing to do and should not have been given. Whether accurate or inaccurate as a statement of the penalty provided in cases of robbery, we are unable to see wherein it worked prejudice to the plaintiffs in error.

There being no reversible error in the record the judgment is affirmed.

*Judgment affirmed.*