MILBOURN v. STATE OF INDIANA.

[No. 26,771. Filed June 8, 1937.]

*Charles L. Tindall*, and *Fred V. Cramer*, for appellant.

*Omer S. Jackson*, Attorney-General, and *Glen L. Steckley*, Deputy Attorney-General, for the State.

FANSLER, C. J.—Appellant was convicted of knowingly receiving stolen clover seed.

Error is assigned upon the overruling of his motion for a new trial.

The only question involves the admission of the testimony of the sheriff and deputy sheriffs, detailing a conversation in which appellant admitted receiving the stolen goods, with knowledge that it was stolen, and having sold it for his own benefit.

The sheriff, armed with an invalid search warrant, arrested appellant and took him to his farm. While appellant sat in an automobile, the sheriff and his deputies searched the place. After the search was completed, they interrogated appellant, who voluntarily admitted his guilt. Before the trial, upon motion, the search warrant was held to be invalid, and evidence obtained in the search was excluded. An objection to the testimony of the sheriff and his deputies concerning the confession and admission of appellant was overruled. Appellant contends that the confession and admission were obtained under color of the invalid search warrant, and that the testimony therefore should have been excluded.

The constitutional provision protecting the citizen in his person, house, papers, and effects, against search or seizure without warrant, is different and distinct from the provision protecting him against being required to give evidence against himself. The con-

fession or admission of guilt was obtained, not through the search warrant, but through voluntary answers to questions. The sheriff had the right to question appellant on his premises, or anywhere, but appellant was not required to answer. Section 9-1607 Burns Ann. St. 1933, section 2263 Baldwin's Ind. St. 1934, provides: "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influence; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence." There is no evidence of inducement, intimidation, undue influence, or threat. Evidence of a confession is *prima facie* admissible, and there is no evidence of any fact which would make it inadmissible as a confession. *State* v. *Laughlin* (1908), 171 Ind. 66, 84 N. E. 756. Appellant relies upon *Doncaster* v. *State* (1926), 197 Ind. 635, 151 N. E. 724, and *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, as sustaining his contention. In the first case, the question objected to was, "What if anything was in the truck," and the answer, "I found four barrels of red liquor in the truck." This evidence was held to be erroneously admitted, because the truck was searched by force without a warrant. It appears in the opinion that appellant, when taken out of the truck and asked what kind of whiskey he had in the car, answered, "red whiskey." But it does not appear that there was any objection to testimony regarding this answer. It does appear, however, that at the time the question was answered, appellant was trembling with fear. The question of the admissibility of the admission was not passed upon. If it had been, the question of fear would probably have been considered. In the Wallace Case, the only question considered was the admissibility of evidence secured through the search and seizure.

Voluntary statements and admissions of guilt cannot be procured by a search or seizure. When such admissions are procured unlawfully, it is through inducement, fear, threat, intimidation, or undue influence, and there is no contention concerning, or evidence of, any such illegality in procuring the confession.

Judgment affirmed.