(No. 30504.—

The People of the State of Illinois, Defendant in Error, vs. Ephraim Massey, Plaintiff in Error.

*Opinion filed May 20, 1948.*

Heber T. Dotson, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (John T. Gallagher, Melvin S. Rembe, and W. S. Miroslawski, all of Chicago, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court:

Plaintiff in error, Ephraim Massey, was indicted in the criminal court of Cook County for the crime of burglary,

tried before the court without a jury, and found guilty on six of the fourteen counts. He was sentenced to the Illinois State Penitentiary for a minimum term of one year and a maximum term of eighteen months.

The indictment contained fourteen counts charging in different ways the breaking and entering of a dwelling house, with intent to commit a felony, arson in some counts, to take, steal and carry away money or chattel property in others. The counts upon which he was found guilty by the court charged the entering of an apartment at No. 3702 Lake Park Avenue by force and without force, with intent to commit arson.

The evidentiary facts disclose that one George Mandeley and his wife occupied an apartment of three rooms and bath at the above address, and that Mandeley's sister lived with them. The facts also show that the defendant was on extremely intimate terms with this sister and had illicit relations with her from time to time over a period of several months at said premises. This relationship was apparently broken off in March of 1947, when defendant saw this sister in company with another man. An argument ensued in which threats were made by the defendant against her, and against the man who had been with her, and on the following day, March 15, he called on her at her place of employment, and during that same day called at the apartment of Mandeley some four or five times, inquiring for the sister. During that night the apartment was broken into, entrance being obtained by cutting a window screen, and reaching the latch by which the window was opened, and during that same night the fire, shown to be incendiary, occurred, burning all of the clothing of the sister, and practically all of the property of Mandeley. Plaintiff in error had also made threats that he would prevent the sister from leaving and going home to her mother.

The evidence shows the windows were hooked and locked when the apartment was left that evening by Man-

deley and his wife, to attend to their business. It was Mandeley who called attention of the fire department to the fact that the window screen was missing. A day or two after the fire the plaintiff in error was interrogated by the police, and made a full, complete and detailed statement that he had taken the screen from the window, and entered the house and started the fire, but intended only to burn enough of the clothing of the girl mentioned to prevent her from leaving town. The confession of plaintiff in error was reduced to writing and signed by him.

The first error assigned by plaintiff in error is that the court erred in refusing a change of venue. His briefs show he made an application for change of venue from four named judges. He says this petition was amended by striking out two of the names. Neither the petition for change of venue, nor the affidavits in support of the petition, nor the evidence taken upon the same was preserved by a bill of exceptions. In *People* v. *Campbell,* 323 Ill. 129, concerning such an assignment, we said: "Neither the petition for a change of venue nor the evidence in support of it was preserved in the bill of exceptions, and that question is therefore not presented for review. *Phillips* v. *People,* 88 Ill. 160; *People* v. *Ellsworth,* 261 Ill. 275." For the reason the question is not preserved, we need not further discuss the assignment of error in refusing a change of venue.

It is next urged that the crime was not proved, as required by law, beyond a reasonable doubt; that the uncorroborated confession of the defendant is not sufficient to prove the *corpus delicti* in a case of burglary. The evidence in this case shows that the burglary was in fact committed; the screen on one of the windows was cut to reach a window lock or hook; the house had been locked, and the screens fastened. · The fire started from the inside. General threats had been made by the plaintiff in error to prevent the girl, with whom he was associated,

from breaking off relations, or leaving town. He called at the apartment four or five times the same day, trying to see the girl. Aside from the confession made by the plaintiff in error these facts all tend to prove an entry into the apartment that was felonious. Somebody entered the apartment and started a fire, which *prima facie* was unlawful. Accompanying these facts was a full and complete confession, not denied by the plaintiff in error, which refers to the cutting of the screen, the entry into the room, and the destruction of the clothing, which established the crime of burglary beyond a reasonable doubt.

The rule that a confession is insufficient for a conviction does not apply where the *corpus delicti* is otherwise proved. The rule is well set out in *People* v. *Nachowicz,* 340 Ill. 480, as follows: "While it has been held that a defendant's confession, when the *corpus delicti* is not otherwise proved, is insufficient for a conviction, this does not mean that the *corpus delicti* must be proved by the evidence, aside from the confession, beyond a reasonable doubt. On the contrary it was early held that it is the mere naked confession, uncorroborated by any circumstance inspiring belief in its truth arising out of the conduct of the accused or otherwise, which is held insufficient to convict, and the corroborating fact or facts in proof need not necessarily, independently of the confession, tend to prove the *corpus delicti.* (*Bergen* v. *People,* 17 Ill. 426.) Direct and positive evidence is unnecessary to prove the *corpus delicti,* (*Campbell* v. *People,* 159 Ill. 9,) and it is not essential that it should be established by evidence independent of that which tends to connect the accused with its perpetration. The same evidence which tends to prove one may also tend to prove the other, so that the existence of the crime and the guilt of the defendant may stand together inseparable on one foundation of circumstantial evidence. (*Carroll* v. *People,* 136 Ill. 456.) The crime being clearly shown, independently of admissions or con-

fessions, to have been committed by some person, the admissions or confessions freely or voluntarily made may be considered in connection with the other evidence to establish the *corpus delicti,* and it is sufficient if evidence of other facts and circumstances so fully corroborates the confession as to show the commission of the offense beyond a reasonable doubt. *Gore* v. *People,* 162 Ill. 259; *People* v. *Hein,* 315 id. 76." The evidence in the present case is sufficient to show the *corpus delicti,* and the guilt of the defendant, beyond a reasonable doubt.

It appears that the plaintiff in error had been tried before another judge for the crime of arson, and had been acquitted, and he now makes the contention that said acquittal bars conviction of burglary arising out of the same facts. We have frequently held that by the same act a person may commit more than one crime. As recently as the case of *People* v. *Flaherty,* 396 Ill. 304, we have confirmed the established principle that "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. [Citations.] The offenses are not the same when there is a distinct element in one which is not included in the other." The constituent elements of burglary and arson are different; the fact that the breaking and entering is charged with the intent to commit arson is an entirely different crime than arson itself, and even if arson has been committed, still it is a crime to break and enter an apartment or building with the intent to commit another crime. The point is so well settled that it does not require elaboration.

We find no error in the trial of the plaintiff in error, and accordingly the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*