MARSHALL *v.* STATE OF INDIANA

[No. 28,408. Filed February 3, 1949.]

*James P. Dunn* and *Ernest M. Dunn,* both of Union City, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

YOUNG, J.—Appellant was charged with kidnaping a 16-year old girl in Wayne County, Indiana. The affidavit against him was filed in the Circuit Court of that county. Subsequently the venue was changed to the Randolph Circuit Court where the case was tried before a jury, which returned a verdict of guilty.

The statute alleged to have been violated is § 10-2901, Burns' 1942 Replacement, which, so far as it is material in consideration of this case, reads as follows:

"Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, . . . any person, . . . is guilty of kidnaping, and, on conviction, shall be imprisoned in the state prison during life."

The affidavit upon which appellant was tried charged that he, on the 13th day of October, 1946, at and in the County of Wayne and State of Indiana, did then and there unlawfully, feloniously and fraudulently and forcibly carry off, decoy and kidnap a named girl from one described place to another described place in the City of Richmond, Wayne County, Indiana.

Immediately after the verdict was returned, the court entered judgment and sentenced the appellant to the Indiana state reformatory for life. On the following day the court, without notice, altered the judgment to provide that appellant serve his sentence in the Indiana state prison instead of the reformatory.

Appellant filed a motion for a new trial, which was overruled, and assigns as error in this court the over-

ruling of such motion and that the court had no jurisdiction of the cause.

Appellant bases his contention that the court had no jurisdiction of the cause on the claim that the prosecuting attorney of Randolph County did not appear or participate in the trial of the cause. The bill of exceptions shows that the State was represented at the trial by Philip H. Robbins, prosecuting attorney for Wayne County, Indiana, Clifford Haworth, deputy prosecutor for Wayne County and Nathan Mendenhall, as special prosecuting attorney for Randolph County, Indiana.

Prosecuting attorneys may appoint such deputies as may be necessary for the proper discharge of the duties imposed by law, § 49-2602, Burns' 1933, but appellant points out that the statute providing compensation for the prosecuting attorney of Randolph County does not provide for compensation to a deputy, and it is appellant's contention that for this reason no deputy properly could be employed by the Randolph County prosecutor. This does not seem to us to follow. The statute clearly gives all prosecutors the power to appoint deputies and it is conceivable that a prosecutor under certain circumstances would be willing to pay a deputy from his own salary or that a deputy might be willing to serve without compensation. Also upon the proper showing and under certain circumstances, the court may appoint a special prosecuting attorney. Section 49-2505, Burns' 1933; *Perfect* v. *State* (1923), 197 Ind. 401, 406, 141 N. E. 52; *Williams* v. *State* (1919), 188 Ind. 283, 301-2, 123 N. E. 209, and cases cited. It is true that there is no showing that the court did so in this case, but it does appear that a special prosecuting attorney appeared. The Randolph Circuit Court is a constitutional court of general jurisdiction, and in the absence of a showing to the contrary

we will assume that proceedings were regular and that the special prosecuting attorney was duly appointed. *Williams* v. *State, supra,* at p. 301; *Wisconsin Nat. Life Ins. Co.* v. *Meixel* (1943), 221 Ind. 650, 654, 51 N. E. 2d 78; *Ferrara* v. *Genduso* (1940), 216 Ind. 346, 348, 24 N. E. 2d 692. We also note that the prosecuting attorney of Wayne County and his deputy followed the case to Randolph County and were active in its prosecution. This is common practice and appellant has not pointed out any irregularity or illegality in this respect. Also appellant made no objection to proceeding with the trial in the absence of the prosecuting attorney of Randolph County, and, having gone ahead with the trial, perhaps in the hope of a better chance of acquittal without him, he cannot upon the return of an adverse verdict now complain.

In his motion for a new trial appellant sets out numerous grounds. Among the reasons for a new trial properly set out in his motion is that the verdict was not sustained by sufficient evidence. Because it is fundamental we will consider that ground first. The prosecuting witness testified that, on the evening in question, she and another girl went to a dance pavilion in Richmond with two boys in an automobile belonging to one of the boys. They drank more than they should and one of the boys became involved in a fight and found himself scratched, bruised and bloody, and they left the dance pavilion for a restaurant not far away and the boy, who had been in the fight, double parked his car and went inside the restaurant to clean up. They left the prosecuting witness in the car. A little later one of the boys came out to move the car from its double parked position and parked it in an alley alongside the restaurant. He then went back into the restaurant further to help his friend.

Several witnesses testified to seeing the appellant in front of the restaurant at the time the prosecuting witness and her party drove up. The prosecuting witness also testified that after the car had been moved and while she was sitting in it the appellant came to the car and opened the door and told her that she was wanted inside the restaurant. She stepped out of the car and she testified that the appellant thereupon struck her and choked her and, threatening her with a revolver, forcibly led her down an alley and through backways across railroad tracks a distance of a half mile or more to a weed patch where he threw her to the ground, removed some of her clothing, committed rape and sodomy upon her, stamped on her body, took her watch and bracelet and then led her to a railroad, where he left her in a semi-conscious condition on the track. She finally made her way home and her family called a physician and the police. The police testified that they located appellant from the description given by the girl and that the girl identified the appellant. The girl also identified the appellant at the trial. The police found the girl's gold watch and gold bracelet in the hands of persons who testified that they had purchased same from appellant. Police also testified that in the process of questioning the appellant admitted his guilt. Appellant denied at the trial that he had done the things related by the prosecuting witness and there were witnesses who attempted to establish an alibi for him. The jury found him guilty and we will not weigh the evidence. There was abundant evidence to sustain the verdict. *Cox* v. *State* (1932), 203 Ind. 544, 549, 550, 177 N. E. 898, 181 N. E. 469; *Epperson* v. *State* (1937), 211 Ind. 237, 6 N. E. 2d 538.

In the body of the affidavit upon which appellant was tried, Jess A. Revilee is named as the affiant but the

affidavit was signed in the name of Jess S. Revilee. At the conclusion of the evidence the court permitted the affidavit to be amended so that the name of the affiant appearing in the body of the affidavit was the same as the signature at the bottom of the affidavit. Appellant complains of this. The maker of the affidavit had testified to his signature and that his real name was as it appeared in the signature. It was therefore obvious that the mistake in the initial in the body of the affidavit was simply a typographical error, and the amendment falls within § 9-1133, Burns' 1942 Replacement, which provides that the court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged. The amendment here involved is one of form only and does not involve the name or identity of defendant or the crime sought to be charged. Where the matter as to which an indictment is amended is not of the essence of the offense such amendment does not alter the indictment in any material respect and falls within the statute permitting amendments. *Peats* v. *State* (1938), 213 Ind. 560, 567, 12 N. E. 2d 270; *Krauss* v. *State* (1947), 225 Ind. 195, 73 N. E. 2d 676; *Edwards* v. *State* (1942), 220 Ind. 490, 492, 44 N. E. 2d 304, 305.

Appellant also contends that the court erred in permitting police officers to testify to a conversation with appellant in which he admitted facts constituting the offense charged. There were no objections to the questions bringing out this testimony at the time the questions were asked, although there was later a motion to strike the evidence of these officers which was overruled. In this state confessions

are *prima facie* admissible and the burden of proving incompetency is on the defendant. *Caudill* v. *State* (1946), 224 Ind. 531, 538, 69 N. E. 2d 549, 552, and cases cited; *Milbourn* v. *State* (1937), 212 Ind. 161, 163, 8 N. E. 2d 985, and cases cited; *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647, 649.

The mere fact that a confession was made while under arrest does not render it inadmissible in the absence of fear, force, threats or coercion. 20 Am. Jur., Evidence, § 498, p. 431, and numerous cases cited in Note 15.

To render a confession incompetent it is necessary it be made by reason of fear, threats, intimidation, coercion, fraud or undue influence. *Mack* v. *State* (1931), 203 Ind. 355, 372, 180 N. E. 279; *Schuble* v. *State, supra.* There was no showing of any kind, or attempt to show, that the admissions made by appellant in this case were made by reason of fear or threats or otherwise than freely and voluntarily. On the contrary there was evidence that the officers told appellant at the time they were questioning him that he did not have to answer questions.

Appellant's counsel contend that because he was not told that he had a constitutional right to counsel the confession could not be used. It is true that the law protects accused persons from ill treatment and unfair advantage by law officers, but it is also true that the securing of voluntary confessions from guilty persons is desirable, and should be allowed in the interest of the public welfare and safety. *Bonahoon* v. *State* (1931), 203 Ind. 51, 55, 178 N. E. 570; 79 A. L. R. 453; *Schuble* v. *State, supra; Mack* v. *State, supra; Caudill* v. *State, supra.* When police officers arrest a person suspected of or charged with crime they may, in proper manner, question him without provid-

ing him a lawyer and without advising him of his constitutional rights to counsel. There was no error in permitting the officers to testify as to admissions of the accused.

Appellant complains because the court sustained an objection to a question propounded to one of the detectives in which he was asked in substance why he did not sign the affidavit, and he offered to prove that the witness would testify that he did not sign the affidavit because after his investigation he thought that the appellant was not guilty. There was no reason why this particular witness should have signed the affidavit and his reason for not doing so was not material. He was on the witness stand and appellant's counsel had every opportunity to secure from him all facts of which he had knowledge. What he thought as to the guilt or innocence of the accused was not material and the court did not err in sustaining an objection to the question under discussion.

Appellant's counsel in their brief criticized some of the instructions given by the court but the record does not show that any objections were made to these instructions before they were given as provided by Rule 1-7 of this court. Under that rule no error in the giving of instructions is available except upon specific objections made, as above indicated. No specific criticism of any of these instructions is made in the points and authorities in appellant's brief. The instructions are not even set out in appellant's brief. No question therefore is presented with reference to the instructions. We have, however, gone to the record, although not required to do so, and have read the instructions in the light of the comments of the appellant's counsel in his brief, but find no harmful error.

Appellant, in his motion for a new trial, alleges as error the conduct of the prosecuting attorney in making a statement in the course of his closing argument, calling attention to the fact that defendant was not of the white race and comparing the sexual propensities of white and black men. The record does not show that the statement complained of was actually made, or, if it was, that any motion was made to set aside the submission or instruct the jury to disregard the statement. Under the circumstances no error in this connection is before us for consideration.

Appellant in its motion for a new trial, says that the court erred in admitting evidence of rape, larceny, theft and assault and battery when defendant was charged with the crime of kidnaping. No particular questions, objections or answers are set out or referred to in the motion for a new trial, and upon examination of the record we find no objections to the questions which elicited this type of evidence. However, it is clear from the record and appellant's brief that there was evidence of rape and sodomy and assault and battery and robbery. Such evidence was admitted in the course of proving the commission of the crime of kidnaping charged in the affidavit and there was no error in admitting evidence of such other offenses. *People* v. *Diekelmann* (1937), 367 Ill. 372, 383, 11 N. E. 2d 420, 425. They were a part of the *res gestae*. Appellant's conduct was such that in proving the crime of kidnaping it would have been impossible to eliminate all reference to the other crimes he committed in connection with the kidnaping. Also proof of the theft of the jewelry was relevant and material in identifying the appellant. It was shown that he later had possession of and sold the same jewelry.

In *People* v. *Diekelmann, supra*, at p. 383 the charge

was kidnaping a child and evidence of mistreatment of the child was admitted and alleged error on this account was presented upon appeal. In discussing this element of the case the Supreme Court of Illinois said:

"It is contended that testimony was improperly admitted concerning the defendant's taking indecent liberties with the child, which was not necessary to be related in the course of the proof of the kidnaping charge. Unless there is some connection between the facts charged and those proved, it is improper to admit evidence of a distinct and independent crime. (*People* v. *Richie*, 317 Ill. 551, 148 N. E. 265; *People* v. *Lane*, 300 Ill. 422, 133 N. E. 267.) Though the evidence may have shown the offense of taking indecent liberties with the child, the facts relating thereto were offered in the course of proving the detention and concealment of the infant. There was evidence that the child left its own home wearing clean underclothing immediately before it was missing. There was blood on its underwear when it returned home. There was blood on a bed sheet in the defendant's apartment and there was blood on the defendant's shirt. It was testified that his shirt was in his trousers when he was struck in the mouth by the police officer, and the blood on the child's garments was there before the defendant was struck by the officer. The foregoing testimony was admissible in support of the charges against the defendant. Where there is a logical connection between different acts, though they constitute a different crime, if such facts help to establish the crime charged, they are all admissible. *People* v. *Rappaport*, 364 Ill. 238, 4 N. E. 2d 106; *People* v. *Doody*, 343 Ill. 194, 175 N. E. 436; *People* v. *Cummings*, 338 Ill. 636, 170 N. E. 750; *People* v. *Campbell*, 323 Ill. 129, 153 N. E. 596; *People* v. *McGuirk*, 312 Ill. 257, 143 N. E. 855."

We think there was no error in the admission of testimony of the treatment of the prosecuting witness by the appellant in the course of the kidnaping.

Appellant complains of misconduct of the prosecuting attorney in his opening statement to the jury in calling to the attention of the jury the fact that in the course of the kidnaping appellant committed robbery and certain sexual crimes and appellant's counsel moved that such statements be withdrawn and that the jury be discharged and that the defendant be dismissed on account of such misconduct, which motion was overruled. We have held above that everything stated by the prosecutor was properly proved in the course of the trial, and for the reasons we have already given in that connection we think the court did not err in overruling this motion of the appellant.

In the judgment, as first entered in this case, it was ordered that the appellant be committed to the Indiana reformatory. This was not proper, inasmuch as the statute specifically provides that for such offense the defendant when convicted shall be committed to the State prison. The court discovered his mistake on the following day and, without notice, corrected it to comply with the statute. Appellant complains of this. This was not error; it was the correction of an error within term. The court not only had the right to make this change but upon discovery of his original mistake it was his duty to do so.

Appellant has not complied strictly with the procedural rules regulating the presentation of a case upon appeal to this court, but it seems to us that he has made a good-faith effort to present his questions and we have been able to understand the points upon which he relies. In addition, we may say that we have read the entire record of this case with care, and, inasmuch as imprisonment for life is involved, have gone further than we are required to go in examining the questions thought by appellant's counsel to have constituted error.

Appellant, as we view it, had a fair trial, and was defended by vigorous counsel, whose position from time to time upon what they thought was error in the trial could not be misunderstood by the trial court nor by us. The case does not fall at all within the pattern of *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, relied upon by appellant.

The judgment is affirmed.

NOTE.—Reported in 83 N. E. 2d 763.