(No. 15372.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HORN *et al.* Plaintiffs in Error.

*Opinion filed June 20, 1923.*

1. CRIMINAL LAW—*evidence of other offenses may be admitted in identifying accused.* Where defendants accused of robbery deny being present at the scene of the crime at or about the time testified to by the prosecuting witness, it is proper to introduce testimony of other persons who were held up by the defendants tending to show that the defendants were in the vicinity at or about the time the offense charged was committed.

2. SAME—*ruling on admission of evidence for particular purpose need not be in writing.* The statute as to giving written instructions does not require the trial court, in stating the purpose for which certain evidence is admitted, to put such statement in writing at the time the ruling is made.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

ROBERT W. DANIELS, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error, William Horn and James Matthews, were indicted in Cook county for robbery while armed with a revolver and on trial before a jury were convicted and

sentenced. The proceedings have been brought here by writ of error.

The evidence is to the effect that while Ruth Korbitz, a young woman about sixteen years old, was walking with her cousin, Elsie Pollack, near the southeast corner of Forty-third and Rockwell streets, in Chicago, about 9:45 in the evening of April 30, 1922, three men met them and two of the men held her while the third searched her pockets, asking her if she had any money. She told them she had only thirteen cents, and plaintiff in error Horn, who was doing the searching, took that from her. Elsie Pollack, while they were holding up Miss Korbitz, ran to her home near by and told her father, Edward Pollack, what had happened, and he and Elsie went to the place where the hold-up had taken place and found two of the men, Horn and Matthews, there. Pollack talked to them about bothering girls and they denied that they had done so, and after some conversation Pollack started away, when Horn fired a revolver shot at him. Pollack ran back and had a struggle with the men, throwing one of them down, after which they ran away. Both were arrested shortly thereafter and on the trial were identified by Miss Korbitz and Pollack. It appears from the record that Horn lived close to Pollack's home, and that Ruth, the complaining witness, and her uncle, Pollack, knew him by sight before this occurrence, and identified him as one of the men engaged in the hold-up and in the dispute which followed. Both plaintiffs in error testified that they had nothing to do with the hold-up and were not at that place at the time in question. Matthews on the trial testified that about eight o'clock on that evening he went to a show at Forty-seventh street and Artesian avenue and then went to a saloon at Forty-second street and Campbell avenue, not far from the scene of the hold-up; that he reached the saloon about ten o'clock and remained there about an hour; that after leaving the saloon, on his way home he met Horn and his wife, and they went

up Campbell avenue to Forty-third street, then to Maplewood, and through the prairie to Rockwell street. Horn testified that he was not present at the scene of the hold-up, and some of his relatives testified as to where he was at about that time, tending to show he did not take part in the robbery. John Wlodarczak testified in rebuttal that he knew plaintiffs in error, and that on April 30, 1922, he saw them while he was crossing a prairie near Forty-third and Francisco avenue, between 8:00 and 8:30 in the evening; that they were behind a fence and "stuck me up with a gun there." Frank Dawson also testified in rebuttal that he saw plaintiffs in error on the evening of April 30, about 10:30, between Forty-third and Forty-fourth streets and South California avenue, and that he saw them hold up two fellows as he came along, and they held witness up, too.

Objection was made to the testimony of Wlodarczak and Dawson on the ground that they were testifying to other crimes, which were not properly admissible at the trial of the charge that the plaintiffs in error robbed Ruth Korbitz. The general rule is that evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial for a criminal offense, but to this rule "there are several exceptions, which are as uniformly accepted by the courts as the rule itself. Among these exceptions is that where evidence tends to aid in identifying the accused as the person who committed the particular crime under investigation, it is admissible in spite of the fact that it tends to show the guilt of the accused of other crimes for which he is not on trial." (*People* v. *Mandrell,* 306 Ill. 413.) The authorities cited in this last case support this doctrine. As plaintiffs in error denied being present at the scene of the robbery at or about the time testified to by the prosecuting witness, it was proper to introduce evidence tending to show that they were in the vicinity at or about the time the offense was committed. "Whatever testimony tends directly to show the defendant guilty of the crime charged

is competent although it also tends to show him guilty of another and distinct offense. A party cannot, by multiplying his crime, diminish the volume of competent testimony against him." *State* v. *Adams,* 20 Kan. 311; *People* v. *Jennings,* 252 Ill. 534.

When the testimony of Wlodarczak and Dawson was being introduced, objection was made by counsel for plaintiffs in error to its admission. During the course of the examination the court stated to the jury that this evidence "is only admitted to establish the question of whether or not the defendants were in the vicinity where the alleged hold-ups took place." It was then objected by counsel for plaintiffs in error that this ruling of the court, made orally, was improper as not being in writing as well as being erroneous in substance, and the objection as to the instruction not being in writing is made here also. The statute as to giving written instructions by the trial court was not intended to require an instruction in writing in ruling upon the admission of evidence. As was said by this court in *South Park Comrs.* v. *Ayer,* 245 Ill. 402, on page 410: "The court, in ruling upon the objections of counsel in the course of the examination of a witness, has the right to state the grounds which form the basis of its ruling," and it was there stated that such a ruling was not within the statute which required instructions to be in writing. See to the same effect, *O'Hara* v. *King,* 52 Ill. 303; *Providence-Washington Ins. Co.* v. *Wolf,* 168 Ind. 690; *Stanley* v. *Sutherland,* 54 id. 339; 2 Thompson on Trials,—2d ed.— secs. 2379, 2380. A similar ruling was made in a criminal case. (*State* v. *Smith,* 132 Iowa, 645.) There was no reversible error committed by the court in making the oral ruling as to the admissibility of this evidence.

We find no reversible error in the record. The judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*