(No. 26713.—

The People of the State of Illinois, Defendant in Error, *vs.* Clarence Eckman, Plaintiff in Error.

*Opinion filed September 25, 1942.*

W. W. O'Brien, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

The defendant, Clarence Eckman, also known as James Hardy, was indicted in the criminal court of Cook county for robbery while armed with a dangerous weapon. The

indictment also charged that defendant, on August 23, 1933, had been convicted of armed robbery. Defendant was tried by the court without a jury, found guilty, as charged, and, also, that he had theretofore been convicted of armed robbery. He was, accordingly, sentenced to the penitentiary for life under the Habitual Criminal Act. Defendant prosecutes this writ of error.

During the evening of December 3, 1941, about 11:45 P.M., two men entered a tavern operated by Edward Lipski at the intersection of Fourteenth and Main streets in the village of Melrose Park. In addition to Lipski, Sam Seniw, his bartender, a taxicab driver named Coleman, and Lipski's stepfather were present. From Seniw's testimony it appears that the faces of the intruders were covered with handkerchiefs; that one of them directed him to "Lay down and stay down, otherwise I blow your brains out;" that he obeyed this command; that the robber then asked, "Where is the money?;" that this man, after striking him three times on the head with the gun, ordered him to "get up," and that the robber then led the witness to the kitchen where he struck him four times. According to Seniw, when the robber struck him the second time the handkerchief momentarily dropped from the former's face. Seniw testified that he obtained a good look at the man during the interval he was unmasked. He thereupon identified defendant as the man who struck him and took $39 which he was carrying in his pocketbook. Seniw testified further that defendant's companion took $40 from the cash register and, also, nine pints of Calvert whisky. Lipski was hit in the back by one of the robbers and lost consciousness. As he revived, he found himself on the floor and heard an automobile driving away. The People's third witness, Eugene Fioravanti, a police officer, accompanied by officer Collins, went to a tavern at Twenty-fourth and Main streets, Melrose Park, about a half mile from the tavern located at Fourteenth and Main streets, in response to a radio call

that a robbery was in progress, arriving about 12:40 A.M., December 4. When about forty feet from the tavern, Fioravanti heard a woman screaming and observed a man backing out of the doorway, brandishing a revolver. The man started to run towards another car. Fioravanti commanded him to halt and fired a shot at him, the latter entered a light green V-8 Ford automobile, and two shots were fired from this car. The police car followed the Ford car and fired five charges from a sawed-off shotgun during a pursuit of approximately two miles. A return fire came from the Ford car. At this point, it appears that the defendant either fell or jumped out of the automobile. He had a shotgun bullet in his side. The car did not stop. Fioravanti arrested defendant and took him to a hospital. Later, during the same night, the officer found the automobile he had been pursuing. It was then riddled with shotgun holes. Among its contents were a considerable quantity of Calvert and other brands of whisky, Seniw's pocketbook and a woman's purse. The third or fourth day after the robbery, Seniw, accompanied by officer Fioravanti, identified defendant at the Cook County Hospital.

Defendant testified in his own behalf, denying participation in the robbery. He stated that he was employed as a truck driver, his hours being from 5:30 A.M. to 7:00 or 8:00 P.M.; that prior to his arrest he had not been in trouble nor had he taken a drink since his discharge from the penitentiary the preceding March. On cross-examination, he testified that on December 3, 1941, he worked until about 8:30 P.M.; that he repaired to his room at a hotel where he drank whisky a half hour; that at 9:00 o'clock he joined a party given by the proprietress; that he took three or four drinks at the party; that later, while standing in front of the hotel, a truck driver whom he knew only as "Art" drove up in a black car which belonged to him, the defendant; that Art suggested they take a ride in the country; that he assented; that upon their return

home, at his request, Art stopped at a tavern in order that he, defendant, could have another drink; that he was then so intoxicated he did not know the location of the tavern, did not know how long he remained, and did not know who shot him. The proprietress of the hotel testified that defendant had been a guest at her hotel since April, 1941; that December 3 was her birthday; that defendant attended a party in her honor a short time during the evening and that he was present about 11:00 P.M. She was unable, however, to give the exact time of his departure.

Contending that he was not proved guilty beyond a reasonable doubt, defendant complains that the People's testimony intimates he was implicated in the perpetration of a second robbery at Twenty-fourth and Main streets, Melrose Park, within an hour after the robbery charged in the indictment. Seniw identified defendant as one of two men who robbed him and the tavern. A half-mile distant, defendant rushed out of another tavern and entered an automobile from which he either fell or jumped following a pursuit by a police car. Evidence of other crimes is admissible if it tends to identify the accused as the person who committed the particular crime under investigation, to show his presence at the scene of a crime when an alibi is interposed, as here, and to prove design, motive or knowledge where these matters are in issue or relevant. (*People* v. *Filas,* 369 Ill. 78, id. 51; *People* v. *Horn,* 309 id. 23; *People* v. *Mandrell,* 306 id. 413.) Again, the facts and circumstances attending the arrest of an accused may be proved where they tend to connect him with the perpetration of the offense for which he is being tried. *People* v. *Carson,* 341 Ill. 11; *People* v. *Scott,* 261 id. 165.

Defendant argues that his identification by Seniw was insufficient to support the judgment. The testimony of one witness, if positive and the witness credible, is sufficient to convict even though his testimony is contradicted by the accused. (*People* v. *Bloom,* 370 Ill. 144; *People* v. *Filas,*

369 id. 78; *People* v. *Kerbeck,* 362 id. 251; *People* v. *Fortino,* 356 id. 415.) Reference is made to the fact that defendant was a stranger to the identifying witness. Defendant's identity as one of the perpetrators of the offense charged, and his presence at the tavern during its commission, rest largely, it is true, on Seniw's testimony. Undoubtedly, after the harrowing experience endured by him, defendant's features, even though visible a few moments, were strongly impressed upon his mind and memory.

The record proclaims defendant's guilt. His identification by Seniw who saw and recollected his face, and the fact that Seniw's pocketbook and Calvert whisky was found on defendant's person or in his automobile shortly after the robbery, together with the circumstances incident to his arrest, leave no room for doubt of his active complicity in the robbery of the tavern at Fourteenth and Main streets, in Melrose Park. Defendant received a fair trial. The record is free from reversible error, and no sound reason is advanced requiring a reversal of the trial judge's finding of defendant's guilt. Proof of a prior offense was adequate, and the sentence under the Habitual Criminal Act was proper.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*