THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH HARPER, Defendant-Appellant.

First District (2nd Division)    No. 76-620

Opinion filed May 24, 1977.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant, Joseph Harper, was indicted for armed robbery. He waived a jury trial, was tried by the trial court and found guilty. Subsequent to a hearing on aggravation and mitigation, he was sentenced to a term of imprisonment of not less than five years nor more than ten years. In this appeal defendant's sole contention is that he did not receive a fair trial, asserting that the prosecution erroneously, over objection,

introduced evidence of defendant's alleged participation in a crime which occurred prior to the offense for which he was on trial.

We affirm.

The following pertinent evidence was adduced at trial: On October 24, 1974, between 5 and 5:30 p.m., without permission, defendant forcibly entered the residence of Mr. and Mrs. Charles Vollmar. Defendant, upon entering the Vollmar home, grabbed Mr. Vollmar, put an eight- to ten-inch butcher knife at his neck, and then robbed him. While holding Mr. Vollmar hostage, defendant also demanded that Mrs. Vollmar give him more money. She complied and forthwith gave defendant additional cash money. The Vollmars were, at the time of the incident, both over the age of 70 years.

During the course of the robbery, a neighbor entered the Vollmar residence. The neighbor recognized defendant as her son-in-law and according to the investigating officer so identified defendant to him. Upon the appearance of his mother-in-law at the scene, defendant fled the Vollmar residence.

Prior to the incident here involved, at approximately 4:30 p.m., defendant apparently had an encounter with another neighbor of the Vollmars, Frank Cortese.

At trial defendant proffered to the court the defense of alibi. He claimed that on the afternoon of the incident he was in the company of one Charles Kraft (also known as Ray Charles) either at a tavern or playing basketball from 1 or 1:30 p.m. until it was dark, that is, until 6:30 p.m. Defendant's witness, Charles Kraft, corroborated his alibi.

To rebut defendant's alibi, the prosecution was allowed by the court to introduce testimony by Mr. Cortese over defendant's objection. After Cortese testified that he saw defendant at 4:30 p.m. on the afternoon in question, the following colloquy took place:

"Q. And what did he say or do next, Mr. Cortese?

A. He went through the back, he jumped the fence in the back and went in the alley, and then he come back, he jumped the fence again.

Q. After you saw him the first time and he jumped the fence, about how much time passed before you saw him the second time?

A. The second time?

Q. Yes, how long was there in between when he left the first time and came back the second time?

A. Oh, about ten minutes.

Q. And you were still in your yard at that time, sir?

A. Yes.

Q. What did Mr. Harper do when he came back the second time?

A. He—he grabbed me and put me on the stair to go upstairs.

Q. What did he say, if anything, at that time?

A. He said—he says, 'You give me the money.'

Q. Did you give him anything at that time?

A. No, he took it himself.

Q. What did he take from you?

A. He take $15 American money and then he take my pocketbook.

Q. Your wallet, sir?

A. Wallet and $2,000 Japanese money.

Q. Did he take anything else from you, if you remember?

A. He took some key or something.

MR. EKL: Nothing further of this witness."

Defendant contends that the above testimony by the prosecution's rebuttal witness indicating that defendant had committed a crime prior to the armed robbery involved in the case at bar was reversible error in that such testimony had no legitimate probative value.

■■ Evidence that a defendant committed another crime totally disconnected from the crime for which he is being tried is generally inadmissible. (*People v. Deal* (1934), 357 Ill. 634, 192 N.E. 649; *People v. Brown* (1st Dist. 1972), 3 Ill. App. 3d 1022, 1024, 279 N.E.2d 765.) An unrelated crime, however, is deemed admissible where it is independently relevant and shows motive, intent or the existence of a common scheme or design. (*People v. Lehman* (1955), 5 Ill. 2d 337, 343, 125 N.E.2d 506.) Moreover, such evidence has been deemed admissible where it tends to identify the accused or to show his presence at or near the scene of the crime when an alibi is set up as a defense. *People v. Mandrell* (1923), 306 Ill. 413, 419, 138 N.E. 215; *People v. Botulinski* (1945), 392 Ill. 212, 217-23, 64 N.E.2d 486; *People v. Mikka* (1955), 7 Ill. 2d 454, 461-62, 131 N.E.2d 79.

In *Botulinski* defendant was indicted for the crime of murder. The murder had been committed in the course of a robbery of a tavern. The trial court admitted evidence of two other tavern robberies committed within three miles of the scene of the murder and within 23 minutes of the time of the murder. Our supreme court found that defendant had pleaded "not guilty and could not prevent the introduction of competent evidence to prove every element of the crime charged by admitting a part of them." *Botulinski*, at 223.

. In *Mikka* defendant was indicted for the crime of armed robbery. A witness identified the robbers' getaway car as a dark colored 1941 Ford coupe. Defendant testified he had never been in such a car on the night in question. The trial court admitted testimony that a man had seen three men leave a tavern and get into a 1942 blue Ford coupe. He followed

them and was shot at three times by someone in the Ford. Our supreme court found such evidence to help identify the accused as the person who committed the crime under investigation. The evidence of another crime served "to connect plaintiff in error with the car and the gun." *Mikka*, at 462.

■■ Our review of the record in the case at bar indicates that Cortese's testimony was introduced to rebut defendant's alibi defense. Defendant testified that on the afternoon in question he was in the company of Charles Kraft, either at a tavern or playing basketball from 1 or 1:30 p.m. until 6:30 p.m. Kraft corroborated defendant's alibi. Cortese's testimony related to both the defendant's credibility and that of his witness. Such testimony tends to identify defendant and to show his presence near the scene of the crime charged when defendant had offered an alibi defense.

We also note that the instant case comes to us as a bench trial. It is well settled that when the trier of fact is the trial court, a presumption exists that the court considered only competent evidence in reaching its finding of guilty. (*People v. Robinson* (1964), 30 Ill. 2d 437, 439, 197 N.E.2d 45; *People v. Quinn* (1st Dist. 1971), 2 Ill. App. 3d 341, 276 N.E.2d 379.) Only when the record below affirmatively indicates that inadmissible evidence was considered by the trial court in reaching its finding may this presumption be negated. *People v. De Groot* (1st Dist. 1968), 108 Ill. App. 2d 1, 11, 247 N.E.2d 177.

With the above principles in mind, we have reviewed the record in this case and are of the opinion that the trial court did not in any manner affirmatively indicate that it had considered inadmissible evidence in making its finding.

■■ ■ Additionally, the record in this case more than adequately establishes defendant's guilt. Although defendant's alibi was corroborated by his witness, there is no obligation on the trial court as fact finder to believe that testimony where there is positive testimony to the contrary. (*People v. Jackson* (1973), 54 Ill. 2d 143, 295 N.E.2d 462; *People v. Tennant* (1976), 65 Ill. 2d 401, 412, 358 N.E.2d 1116.) In a nonjury trial it is for the trial court to determine the weight and credibility to be given to the testimony. Unless the evidence is so unsatisfactory in that it raises a reasonable doubt of the defendant's guilt, the trial court's findings will not be disturbed. *People v. Catlett* (1971), 48 Ill. 2d 56, 64, 268 N.E.2d 378.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.